UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BENJAMIN JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-12-170 |
| | § | |
| ALICE INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER DENYING MOTION TO DISMISS

Before the Court is Defendant's First Amended Motion to Dismiss. (D.E. 9.) For the reasons stated below, Defendant's motion is denied.

## I.   FACTUAL SUMMARY

The relevant facts as alleged by Plaintiff in the Second Amended Original Complaint (D.E. 19) are as follows.

Plaintiff Benjamin Johnson is a fifty-one-year-old African American male. Plaintiff was hired by Defendant Alice Independent School District (AISD) as a paraprofessional in September 2007. Plaintiff was hired as an at-will employee. Plaintiff alleges that Defendant discriminated against him based on his race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, when it placed Plaintiff on administrative leave, did not pay him for over eight months, and then reinstated him to an undesirable position.

When Plaintiff began his employment with AISD, he was not certified as a paraprofessional. In 2009, AISD announced a new policy requiring that all

paraprofessionals possess a certification issued by the Texas Education Agency (TEA). Plaintiff applied for TEA certification on May 29, 2009.

In 2006, allegations of misconduct were made against Plaintiff for reasons not identified in the Second Amended Original Complaint.  During the certification process, Plaintiff was contacted by a TEA investigator about the 2006 allegations.  Plaintiff advised the investigator that the 2006 allegations had been dismissed.  On December 23, 2010, Plaintiff sent documentation to the TEA investigator regarding the dismissal of the allegations.  TEA did not find any wrongdoing on the part of Plaintiff that prevented him from receiving his certification and he received the certification in March 2011.

On January 4, 2011, Plaintiff met with Dr. Salvador Cavazos, the Superintendent for AISD.  Dr. Cavazos had been contacted by TEA regarding the 2006 allegations.  Dr. Cavazos indicated that AISD was initiating its own investigation into the allegations against Plaintiff.  While it conducted its investigation, AISD placed Plaintiff on paid administrative leave with restrictions.  It did not indicate which, if any, policies or standards of conduct it believed Plaintiff had violated.

Approximately two weeks later, on January 17, 2011, Plaintiff met with Dr. Cavazos a second time.  Dr. Cavazos indicated that he had met with the District Attorney.  The District Attorney, however, did not indicate that Plaintiff was under investigation or the subject of any complaint, charges, or pending indictment. Nevertheless, Dr. Cavazos placed Plaintiff on unpaid administrative leave with restrictions.  The unpaid administrative leave lasted over eight months, although Plaintiff had not violated any of the District's policies.

Plaintiff did not receive any pay or benefits from January 2011 through September 2011, which constitutes a loss of income of approximately $12,500, plus an additional $3,000 in benefits.  Plaintiff was restricted from attending school events, including athletic events in which his son participated.  Plaintiff was restricted from returning to any AISD campus or attending any AISD event on or off campus.  Additionally, Plaintiff's name was removed from AISD's published roster.

AISD reinstated Plaintiff in September 2011; however, it did not return Plaintiff to his former position.  Instead, Plaintiff was assigned to the Pace Alternative School.  Within AISD, an assignment to the Pace Alternative School is considered undesirable, and most employees view it as an indirect form of punishment for employees who "mess up."

Other non-African-American AISD employees who violated AISD policies (which Plaintiff alleges he did not violate) were treated more favorably than Plaintiff and were not disciplined or placed on unpaid administrative leave.  Ms. Ponce is a non-African American, female AISD employee.  She forced a student to put his hand into a toilet to remove toilet paper.  This violated AISD's Standards of Conduct Policy for employees.  AISD never took any disciplinary action against Ms. Ponce.

Sean Finnessey is a white, male teacher with AISD.  Mr. Finnessey worked as the Alice High School Assistant Principal.  In March 2011, he was arrested for a family violence assault and resisting arrest.  AISD did not place Mr. Finnessey on unpaid administrative leave.

Omar Vidaurri is a Hispanic male who works for AISD.  On or about September 28, 2008, Mr. Vidaurri was accused of indecent exposure for allegedly exposing his

genitals to a paraprofessional at Noonan Elementary School.  AISD did not place Mr.
Vidaurri on unpaid administrative leave pending an investigation of the incident.  Mr.
Vidaurri was permitted to continue to work with students in his capacity as a
coach/teacher during the investigation.  Mr. Vidaurri resigned on or about November 19,
2010, at which time he received a full year's compensation for his contract.

Joy Hoelscher is a white, female teacher with AISD.  Ms. Hoelscher allegedly
assaulted an eleven-year-old fifth grade student, hitting the student in the mouth three
times and causing bodily injury.  Ms. Hoelscher's alleged conduct constituted a violation
of AISD's policy on the treatment of students.  Ms. Hoelscher remained on paid status
pending an investigation of the incident by local law enforcement.

Over the past several years, AISD has systematically reduced the number of
African-American employees in the District.  Between 2007 and 2011, the number of
African-American employees was reduced from ten to one, not including Plaintiff.

Additionally, AISD terminates male employees at a higher rate than female
employees, and AISD gives a higher percentage of female employees management
and/or administrative positions as compared to male employees.

## II.    LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss, the Court must examine the complaint in
the light most favorable to Plaintiff, accepting all allegations as true and drawing all
reasonable inferences in favor of Plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v.
Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Piotrowski v. City of
Houston*, 51 F.3d 512, 514 (5th Cir. 1995).  The Court need not, however, accept as
true legal conclusions masquerading as factual allegations, and "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient

facts in support of its legal conclusions that give rise to a reasonable inference that

Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The

factual allegations must raise Plaintiff's claim for relief above the level of mere

speculation. *Twombly*, 550 U.S. at 555.  As long as the complaint, taken as a whole,

gives rise to a plausible inference of actionable conduct, Plaintiff's claims should not be

dismissed. *Id.* at 555–56.  This test of pleadings under Rule 12(b)(6) is devised to

balance Plaintiff's right to redress against the interests of the parties and the courts in

minimizing expenditures of time, money, and resources. *Id.* at 557–58.

## III.  ANALYSIS

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to

discharge any individual, or otherwise to discriminate against any individual with respect

to . . . compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  At

will employees are protected against discrimination under Title VII to the same extent as

contract employees. *Wilson v. Rollins, Inc.*, No. 96-11436, 1997 WL 681024, at *6 (5th

Cir. Sept. 29, 1997) ("although at-will employees are not protected by employment

contracts, their employers are still prohibited from taking adverse employment actions

against them proscribed by Title VII"); *Campbell v. Pilot Catastrophe Services, Inc.*, Civil

No. 10-0095-WS-B, 2010 WL 3306935, at *6, n. 7 (S.D. Ala. Aug. 19, 2010) (collecting

cases from numerous circuits and districts).

On a Rule 12(b)(6) motion to dismiss, it is not necessary for the Court to follow the Title VII burden-shifting analysis established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973).  "[T]he *McDonnell Douglas* framework is an evidentiary standard, not a rigid pleading requirement." *Puente v. Ridge*, 324 Fed. App'x 423, 427 (5th Cir. 2009) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 506–07 (2002)).  At this stage of the litigation, Plaintiff need only allege enough facts to plausibly suggest that his employer discriminated against him due to his membership in a protected group. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Swierkiewicz*, 534 U.S. at 511–12; *Puente*, 324 Fed. App'x at 427.  The Court may, however, consider the elements set forth in *McDonnell Douglas* in its analysis. *Puente*, 324 Fed. App'x at 428.

To establish a prima facie claim for race or sex discrimination, Plaintiff has the burden to demonstrate the following elements: (1) that he is a member of a protected group, (2) that he was qualified for the position, (3) that he suffered an adverse employment action, and (4) that other similarly situated persons who were not members of the protected group were treated more favorably than Plaintiff. *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005); *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001).

Defendant challenges Plaintiff's complaint based on the last two elements of a prima facie case for discrimination.  Defendant also argues that Plaintiff has failed to allege a "causal nexus" between any adverse employment action and Plaintiff's race or sex.

An adverse employment action requires a significant change in employment status. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998).  Adverse employment actions "include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002).  While administrative leave, by itself, may not constitute an adverse employment action, being placed on administrative leave without pay does. *See Felton v. Polles*, 315 F.3d 470, 486–87 (5th Cir. 2002), *overruled on other grounds by Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006); *Fierros v. Texas Dept. of Health*, 274 F.3d 187, 194 (5th Cir. 2001) ("our cases recognize that employment actions affecting compensation are often 'ultimate employment decisions' "), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98–99 (2003); *Myers v. Mothers Work, Inc.*, 2009 WL 513916, at *2 (S.D. Tex. Mar. 2, 2009) ("Suspensions without pay are adverse employment actions."); Accordingly, Plaintiff's factual pleadings allege an adverse employment action.

Plaintiff must additionally demonstrate that similarly situated persons outside his protected group were treated more favorably.  Persons are similarly situated if the relevant aspects of their employment situations are nearly identical. *See Okoye*, 245 F.3d at 514–15; *Wyvill v. United Cas. Life Ins. Co.*, 212 F.3d 296, 304–05 (5th Cir. 2000) (requiring plaintiff to show that defendant treated others differently in "nearly identical circumstances"); *Little v. Republic Refining Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991); *Smith v. Wal-Mart Stores*, 891 F.2d 1177, 1180 (5th Cir. 1990); *Davin v. Delta Air Lines, Inc.*, 678 F.2d 567, 571 (5th Cir. 1982).  In cases alleging that an employer disparately disciplined a similarly situated employee based on his

membership in a protected group, the employees being compared must have reported to the same supervisor, been subjected to the same standards governing conduct and discipline, and engaged in nearly identical inappropriate conduct without any differentiating or mitigating circumstances. *See Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 406 (5th Cir. 2005); *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005); *Okoye*, 245 F.3d at 514; *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995); *Smith*, 891 F.2d at 1180; *Ellini v. Ameriprise Financial, Inc.*, --- F. Supp. 2d ----, 2012 WL 3045689, at *3 (S.D. Tex. July 25, 2012).

Plaintiff failed to plead facts concerning his alleged misconduct in 2006, other than stating that the allegations were dismissed.  Plaintiff does not even allege that the 2006 allegations of misconduct were in any way similar to the offenses of the employees he presents as comparators.  Plaintiff generally alleges that other non-African-American and female employees were treated more favorably; however, the circumstances of these alleged incidents of misconduct by AISD employees vary widely. One of the incidents alleged in the complaint involved criminal conduct outside of school.  Another incident involved an assault on a student in school.  The incidents demonstrate that other employees engaged in inappropriate conduct inside or outside of school and were not placed on unpaid administrative leave.  However, Plaintiff failed to plead facts demonstrating that the conduct and circumstances were nearly identical to those for which Plaintiff was investigated and placed on unpaid administrative leave. Accordingly, Plaintiff failed to plead sufficient facts that, if accepted as true, would establish an essential element of a prima facie claim of discrimination.

At the pleading stage, however, failure to allege facts establishing one of the elements of a prima facie case of discrimination does not necessarily warrant dismissal: "This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz*, 534 U.S. at 511; *see also Sablan v. A.B. Won Pat Int'l Airport Auth.*, Civ. No. 10-00013, 2010 WL 5148202, at *6 (D. Guam Dec. 9, 2010) (concluding that a plaintiff need not allege facts constituting all elements of a prima facie case of discrimination in order to state a plausible claim for relief). *Swierkiewicz* was decided prior to *Twombly* and *Iqbal*, and some Circuits have recognized these cases as overruling *Swierkiewicz* sub silentio. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 407–12 (7th Cir. 2010) (Posner, J., dissenting); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("We have to conclude, therefore, that because *Conley* has been specifically repudiated by both *Twombly* and *Iqbal*, so too has *Swierkiewicz*, at least insofar as it concerns pleading requirements and relies on *Conley*.").

While the Fifth Circuit has not weighed in on this issue, in an unpublished case, it relied on the *McDonnell Douglas* elements in upholding a district court's dismissal of a case under Rule 12(b)(6), stating that "this court may consider the *McDonnell Douglas* framework, and no plaintiff is exempt from her obligation to 'allege facts sufficient to state all the elements of her claim.' " *Puente*, 324 Fed. App'x at 427–28 (quoting *Mitchell v. Crescent River Port Pilots Ass'n*, 265 Fed. App'x 363, 370 (5th Cir. 2008)). In the same case, however, quoting *Swierkiewicz*, 534 U.S. at 511, the panel concluded that "for purposes of surviving a Rule 12(b)(6) motion to dismiss, 'an employment

discrimination plaintiff need not plead a prima facie case of discrimination.' " *Puente*, 324 Fed. App'x at 427.

The ultimate factual issue in any Title VII employment discrimination case is whether the defendant intentionally discriminated against the plaintiff—in other words, did Defendant treat the Plaintiff less favorably than others based on his race, color, religion, sex, or national origin? *U.S. Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983).  Plaintiff's Second Amended Original Complaint alleges facts from which one could reasonably infer that other AISD employees were intentionally treated more favorably than Plaintiff based on race or gender.

## IV.    CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **DENIED**.

ORDERED this 14th day of September, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE